## S. H. Kennedy v. Perry L. Persons.

1. PRACTICE—*Adjusting Equities Where Both Parties Are Not Parties to the Suit.*—In an action at law on a written instrument, the equities between one party to the suit and one who is not a party can not be adjusted, as no accounting can be had between them.

Assumpsit.—Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

R. W. COON, attorney for appellant.

WHITNEY, UPTON & WHITNEY, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellant upon the following instrument in writing, given to him by appellee:

"$1150                    WAUKEGAN, ILLS., Oct. 10, 1900.

Received of S. H. Kennedy, the sum of eleven hundred and fifty dollars ($1150) for the following purposes: To pay the widow's award, and her one-third interest in the personal estate of Samuel Breakwell, deceased, if the same are required to be paid by the court; if not, to return the same to S. H. Kennedy. Second, to pay the claims filed and allowed in said estate upon and prior to September 24, 1900, and to pay the costs of administration in said estate, and the administrator's fee of $75.00 and attorney's fee of $25.00 as agreed upon in the said estate.

PERRY L. PERSONS,
Adm. *de bonis non* Est. Saml. Breakwell, deceased."

The proof showed that the sum of $895.54 of the $1,150 mentioned in the above instrument, was not required to make the payments therein provided for, and that Persons, instead of returning the same to Kennedy as he promised, divided it equally between two heirs of said Samuel Breakwell, deceased, one of whom was Samuel J. Breakwell and the other his sister, Mrs. Doyle. The sister afterward paid appellant the amount she had received, with interest, but Samuel J. Breakwell has not paid the amount received by him, and this is a suit by Kennedy against Persons to recover that sum and interest.

Pleas of the general issue and that Kennedy was the agent of Breakwell, were filed. Issue was not properly joined on the latter plea, but it was treated as so joined by the court. A jury was waived and there was a finding and judgment in favor of the defendant, Persons.

It appeared from the evidence that Samuel J. Breakwell had formerly been administrator of the estate of Samuel Breakwell, deceased, but had been removed before the estate was settled, and Persons had been appointed in his place; that Samuel J. Breakwell had given Kennedy a trust

deed on real estate owned by him to secure a note for $2,000; that part of the consideration of the note was a prior debt and the rest was intended to cover such sums as might be needed to be advanced to Persons to close the estate; that certain real estate of Samuel Breakwell, deceased, had been sold, and the attorney for the purchaser had insisted, before the contract was closed, that enough money be placed in Persons' hands to cover all that would be required to pay the debts of the estate; that Kennedy thereupon advanced $1,150 to Persons and took from the latter the written instrument above set out.

It appears from a consideration of the whole record in this case that the trial in the court below was devoted largely to the question whether or not Kennedy was an agent of Samuel J. Breakwell, and the condition of their accounts with each other. The court evidently attempted to adjust the equities between Kennedy and Breakwell arising out of their dealings, including the $2,000 mortgage. That is a matter, however, which can not be adjusted in this case, to which Breakwell is not a party and in which an accounting can not be had between him and Kennedy. This is a suit at law upon the written instrument. By that instrument Persons agreed to return the balance not necessary to be used for the purposes named therein, to Kennedy, but he has not done so. Appellant has a legal right in a court of law to have Persons return to him the balance not used in the settlement of the debts of the estate. The settlement of accounts between appellant and Breakwell must be left for another action to which the latter is made a party. The judgment of the court below is therefore reversed and the cause remanded.